IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 22 CV 03816 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| JANE CHILD CARE INC., *et al.*, | ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

This action arises from three consolidated lawsuits pending in the Circuit Court of the Nineteenth Judicial Circuit, Lake County, Illinois, each filed by the parents of children allegedly injured while in the care, custody, and control of, and as a result of the allegedly negligent conduct of, Jane Child Care Inc. d/b/a Jane's Child Care, Jane Korzun, and Galyna Zaytseva (together, "the Insured Defendants"), three defendants in the instant action. Plaintiff Mount Vernon Fire Insurance Company ("Mount Vernon") filed this action seeking a declaratory judgment regarding its duty to defend and indemnify the Insured Defendants. Before the Court is Mount Vernon's motion to stay pending resolution of the underlying litigation. For the following reasons, the Court denies the motion [144] and dismisses Mount Vernon's amended complaint [106] without prejudice as moot.

**I.     Background**

Mount Vernon brought this declaratory judgment action to determine its duties to defend and indemnify the Insured Defendants in the underlying litigation in the Circuit Court of Lake County. In its August 24, 2023 opinion, this Court held that Mount Vernon has a duty to defend all of the Insured Defendants. (Dkt. 67.) It did not rule on whether Mount Vernon owes a duty to indemnify, specifying that that issue was not yet ripe. (*Id.*)

1

Discovery is ongoing in the present action. Fact and expert discovery are set to close on August 15, 2025 and November 3, 2025, respectively. In the underlying litigation, discovery is similarly ongoing, and trial is scheduled for January 5, 2026.

Mount Vernon asks this Court to stay proceedings until the underlying litigation is resolved. It argues that a determination of its duty to indemnify is premature and will not ripen, if at all, unless and until liability in the underlying litigation is determined. Defendants—which include the plaintiffs in the underlying litigation and the Insured Defendants—urge the Court to deny Mount Vernon's motion because such a stay would create inefficiencies and delay resolution of this matter, which has been pending for nearly three years.

## II.  Discussion

In general, "the question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it." *Am. Bankers Ins. Co. of Fla.*, 3 F.4th 322, 331 (7th Cir. 2021) (quoting *Outboard Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992)). Where no such liability has been found in the underlying litigation, a determination of the insurer's duty to indemnify is generally premature and not justiciable. *See Amling v. Harrow Indus. LLC*, 943 F.3d 373, 377–79 (7th Cir. 2019); *Ins. Co. of the West v. County of McHenry*, 2002 WL 1803743, at *2 (N.D. Ill. Aug. 6, 2002) (Kennelly, J.). Dismissal of an unripe duty-to-indemnify claim is thus proper. *See Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010).

While this rule is not absolute, *see Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 681 (7th Cir. 1992), neither side has presented persuasive argument as to why this Court should depart from the general rule in order to either stay the proceedings or continue with discovery. A declaration regarding Mount Vernon's duty to indemnify cannot be made until after a determination of liability is made in the underlying litigation, as the duty to indemnify will turn on facts that are at issue in the

2

underlying tort action. Because no resolution has been reached in the underlying litigation, the issue of whether Mount Vernon has a duty to indemnify is not ripe, and dismissal of this action is the only proper disposition. *See Am. Bankers Ins. Co. of Fla.*, 3 F.4th at 331–32; *see also Medical Assur. Co., Inc.*, 610 F.3d at 375 (the question of the insurer's duty to indemnify "will not be ripe until liability has been established").

In support of its request to stay proceedings, Mount Vernon cites the "inefficiencies of starting this case anew" in light of the fact that this action has been pending for almost three years, and notes that the underlying litigation is scheduled for trial in seven months. But convenience and efficiency are not grounds on which to sidestep Article III's ripeness requirement. And aside from the constitutional dilemma with deciding an issue in a case that presents no justiciable case or controversy, *Lear Corp. v. Johnson Elec. Holdings Ltd.*, 353 F.3d 580, 583 (7th Cir. 2003), adjudicating Mount Vernon's duty to indemnify where Mount Vernon is later found to have *no liability* in the underlying litigation would amount to an enormous waste of judicial resources.

### III. Conclusion

For the foregoing reasons, the Court denies Mount Vernon's motion to stay pending resolution of the underlying litigation, and instead, having found that the question of whether Mount Vernon has a duty to indemnify is not ripe, dismisses Mount Vernon's amended complaint without prejudice. Plaintiff may file an amended complaint when the question of its duty to indemnify becomes ripe, and within 14 days of resolution of the underlying litigation. In the event that the trial date in the underlying action is continued, or the underlying action is disposed of in any manner, the parties shall file a joint status report notifying this Court of such developments.

**IT IS SO ORDERED.**

_____
Sharon Johnson Coleman
United States District Judge

DATED: 6/10/2025

3