**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MOUNT VERNON FIRE INSURANCE COMPANY, | ) ) ) ) Case No. 1:22-cv-03816 |
| Plaintiff, | ) ) Judge Sharon Johnson Coleman |
| v. | ) ) Magistrate Laura K. McNally |
| JANE CHILD CARE INC., et al. | ) ) |
| Defendants. | ) |

**PLAINTIFF MOUNT VERNON FIRE INSURANCE
COMPANY'S MOTION FOR ENTRY OF JUDGMENT**

Plaintiff, Mount Vernon Fire Insurance Company ("Mount Vernon"), moves, pursuant to Federal Rule of Civil Procedure 58(d), for entry of judgment. In support of its motion, Mount Vernon states as follows.

### INTRODUCTION

1.  This is a coverage dispute over whether Mount Vernon owes a duty to defend and indemnify its insureds, Jane Child Care Inc. ("Jane Child Care"), Jane Korzun, and Galyna Zaytseva, in connection with three underlying lawsuits. This Court previously ruled that Mount Vernon owes a duty to defend. This Court has not ruled on the duty to indemnify, as that issue is premature while the underlying litigation remains pending. Instead of staying these proceedings until the insureds' liability is resolved, as Mount Vernon requested, this Court then dismissed the entire case without prejudice and terminated the proceedings.

2.  Under these particular circumstances, the dismissal without prejudice constitutes a final disposition that renders the duty-to-defend ruling appealable as of right. Mount Vernon is pursuing an appeal, but there is a jurisdictional conundrum. This Court did not enter a separate

judgment, so it is unclear which of three separate dismissal orders is the one and only final disposition.

3. To aid the Seventh Circuit in confirming its appellate jurisdiction, Mount Vernon now moves for entry of judgment. The final disposition was either the October 16, 2025 minute entry or November 5, 2025 minute entry, which bore indicia that this Court had done everything it planned to do. Setting out the judgment in a separate document will clarify which disposition this Court intended as the final one, thereby ensuring that the jurisdictional lines are clear.

### FACTUAL BACKGROUND

4. Mount Vernon's original complaint sought declaratory relief that: (a) any coverage obligation Mount Vernon owes to Jane Child Care is limited to Coverage M ("Child Molestation or Abuse"); (b) any duty to indemnify Jane Child Care is subject to Coverage M's $25,000 single-occurrence sublimit; and (c) Mount Vernon owes no duty to defend or indemnify Korzun or Zaytseva. (ECF No. 1)

5. Mount Vernon's amended complaint sought declaratory relief that: (a) Mount Vernon owes no duty to defend or indemnify Jane Child Care, Korzun, or Zaytseva under Coverage M; (b) alternatively, any duty to indemnify is subject to Coverage M's $25,000 single-occurrence sublimit; (c) Mount Vernon owes no duty to defend or indemnify Jane Child Care, Korzun, or Zaytseva under Coverage A ("Bodily Injury" or "Property Damage"), Coverage B ("Personal and Advertising Injury"), or Coverage P ("Professional Services"); and (d) there is no coverage for punitive damages. (ECF No. 106)

6. This Court held that Mount Vernon owes a duty to defend Jane Child Care, Korzun, and Zaytseva under Coverage M. (ECF No. 67) This Court found premature the issue of whether Coverage M's $25,000 single-occurrence sublimit applies. (ECF No. 67)

7. This Court denied Mount Vernon's request to certify the duty-to-defend ruling for immediate appeal, pursuant to Federal Rule of Civil Procedure 54(b). (ECF Nos. 74, 96)

8. Because the issue of whether Mount Vernon owes a duty to indemnify is not ripe for adjudication, given that the underlying litigation is pending, Mount Vernon moved to stay these proceedings. (ECF No. 144)

9. On June 10, 2025, this Court entered a memorandum opinion and order denying a stay and instead dismissing without prejudice the amended complaint. (ECF No. 153) Nevertheless, this Court indicated that the dismissal was not final. Specifically, this Court did not enter a separate judgment; did not close the case; granted Mount Vernon leave to file an amended complaint within 14 days of resolution of the underlying litigation, if the duty to indemnify issue became ripe for adjudication; and ordered the parties to file a joint status report advising of developments in the underlying litigation. (ECF No. 153)

10. A few months later, this Court set a status hearing, underscoring that this Court was not finished with the case. (ECF No. 154)

11. In an October 16, 2025 minute entry, this Court struck the status hearing and terminated the case, pursuant to an unspecified memorandum opinion and order. (ECF No. 155) This Court did not enter a separate judgment.

12. In a November 5, 2025 minute entry, this Court corrected the October 16, 2025 minute entry to clarify that the entire case was dismissed without prejudice, pursuant to the June 10, 2025 memorandum opinion and order, and reiterated that the status hearing was stricken and the case terminated. (ECF No. 156) Again, this Court did not enter a separate judgment.

13. On November 14, 2025, Mount Vernon filed a notice of appeal. (ECF No. 158) Absent a separate judgment, it is unclear which of the three dismissal orders was intended as the

final disposition. Accordingly, the notice of appeal designates the October 16, 2025 minute entry; in the alternative, the November 5, 2025 minute entry; and, in the further alternative, the June 10, 2025 memorandum opinion and order. (ECF No. 158)

## ARGUMENT

**I.      Either the October 16, 2025 minute entry or November 5, 2025 minute entry, dismissing the case without prejudice, was effectively a final disposition.**

14.     Generally, a dismissal without prejudice is not final and appealable. *Larkin v. Galloway*, 266 F.3d 718, 721 (7th Cir. 2001). Under certain circumstances, however, such a dismissal is sufficiently final to permit appellate review. *Id.*; *see also Am. States Ins. Co. v. Cap. Assocs. of Jackson Cnty., Inc.*, 392 F.3d 939, 941 (7th Cir. 2004) (recognizing that a dismissal, though described as "without prejudice," is nevertheless final when conclusive in practical effect).

15.     Finality turns on indicia that the district court is finished with the case. *Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988) (holding that finality attaches when "the district court has done everything it plans to do"); *see also Effex Capital, LLC v. Nat'l Futures Ass'n*, 933 F.3d 882, 885 n.3 (7th Cir. 2019) (holding that a dismissal without prejudice was final, where appellants were unable to refile the complaint and the district court closed the case and entered a separate judgment); *Hernandez v. Dart*, 814 F.3d 836, 841 (7th Cir. 2016) (holding that a dismissal without prejudice was final, where appellant was unable to amend the complaint, the district court told appellant to appeal, and a docket entry stated that the case was terminated); *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006) (recognizing that a dismissal without prejudice is effectively a final order, where "no amendment could resolve the problem").

16.     An order holding that an insurer owes a duty to defend, coupled with a subsequent dismissal without prejudice of the duty-to-defend and premature duty-to-indemnify claims, is a

4

final disposition. *Am. States Ins. Co.*, 392 F.3d at 940–41. Otherwise, the insurer may never be able to appeal the duty-to-defend ruling:

> By dismissing everything without prejudice, without distinguishing between claims that had been fully addressed and those whose resolution had been postponed, the district judge created a jurisdictional problem for the parties and this court. Dismissals without prejudice are canonically non-final and hence not appealable under 28 U.S.C. § 1291. . . . The prospect facing [the insurer], however, is that, if [the insured] should win the [underlying] state suit, there would be no further dispute about indemnity and no reason to renew the federal [coverage] litigation. That would leave [the insurer] without a means to obtain appellate review of the duty-to-defend question, for by then it would be too late to appeal the federal [coverage] judgment.

*Id.* at 940 (explaining that to avoid a potential second appeal on the duty to indemnify, if it arose, the district court should have stayed the proceedings pending resolution of the underlying action).

17. The same is true here. Like *American States*, after having found that Mount Vernon owed a duty to defend and that the duty to indemnify is premature, rather than staying the case pending resolution of the underlying litigation, this Court dismissed without prejudice. (ECF Nos. 67, 153, 155–56) Also like *American States*, construing the dismissal as non-final potentially strips Mount Vernon of its right to appeal the duty-to-defend ruling. If the insureds are found not liable in the underlying litigation, Mount Vernon will have no occasion to reinstate the coverage action— and, it follows, no ability to appeal from a final disposition that encompasses both the duty to defend and duty to indemnify. Consequently, *American States* compels the conclusion that this Court's dismissal without prejudice was effectively a final disposition.

18. This begs the question of *which* dismissal without prejudice was the final disposition. There are three contenders: (a) the June 10, 2025 memorandum opinion and order dismissing without prejudice the amended complaint; (b) the October 16, 2025 minute entry

5

closing the case; or (c) the November 5, 2025 minute entry correcting the October 16, 2025 minute entry, by dismissing without prejudice the entire case and closing it. (ECF Nos. 153, 155–56)

19. To be clear, the final disposition was not the June 10, 2025 memorandum opinion and order, which lacked indicia of finality. (ECF No. 153) The memorandum opinion and order did not state that the case was closed, granted Mount Vernon leave to file an amended complaint, and directed the parties to file a joint status report advising of developments in the underlying litigation. (ECF No. 153) This Court later set a status hearing, confirming that it was not finished with the case. (ECF No. 154) Given that this Court had not yet done everything it planned to do, the June 10, 2025 memorandum opinion and order was not final.

20. Rather, the final disposition was either the October 16, 2025 minute entry or November 5, 2025 minute entry. The October 16, 2025 minute entry, striking the status hearing and closing the case, was the first indication that this Court planned to do nothing further. (ECF No. 155) The November 5, 2025 minute entry clarified that, in addition to striking the status hearing and closing the case, this Court was dismissing without prejudice the entire case. (ECF No. 156) Therefore, either the October 16, 2025 minute entry or November 5, 2025 minute entry bore indicia of finality.

**II.     If this Court finds that either the October 16, 2025 minute entry or November 5, 2025 minute entry was the final disposition, judgment should be entered thereon.**

21.     Every judgment must be set out in a separate document, subject to certain exceptions not applicable here. FED. R. CIV. P. 58(a). When the court denies all relief, the clerk must promptly prepare, sign, and enter the judgment. FED. R. CIV. P. 58(b)(1)(C). A party may request that judgment be set out in a separate document. FED. R. CIV. P. 58(d).

22.     "The judgment should be a self-contained document stating who won what relief and allowing anyone to see that all claims have been resolved and how." *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 844 (7th Cir. 2025); *see also INTL FCStone Fin. Inc. v. Jacobson*, 950 F.3d 491, 502 (7th Cir. 2020) (holding that in a declaratory judgment action, "the judgment must appear on a separate piece of paper—separate, that is, from the court's opinion").

23.     The purpose of the separate judgment rule is to keep jurisdictional lines clear. *Grunt*, 140 F.4th at 843, 846 (explaining that the rule ensures the appellate court will not have to study the district court's docket to discern its intended meaning). The absence of a separate judgment does not bar an appeal, where the district court has in fact reached a final disposition, but "that situation is far from ideal and creates avoidable uncertainty and expense." *Id.* at 844.

24.     Here, despite the dismissal without prejudice constituting a final disposition, this Court did not enter a separate judgment. Both Federal Rule of Civil Procedure 58 and the Seventh Circuit counsel this Court to do so, to ensure that appellate jurisdiction is clear. Thus, this Court should enter judgment on either the October 16, 2025 minute entry or November 5, 2025 minute entry.

25.     Mount Vernon's notice of appeal, filed on November 14, 2025, does not divest this Court of jurisdiction to grant such relief. (ECF No. 158) As judgment has not yet been entered, the notice of appeal is premature and will become effective immediately upon entry of judgment. FED.

R. APP. P. 4(a)(2) ("A notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry."). As such, this Court retains jurisdiction to enter judgment. *Grunt*, 140 F.4th at 847 (holding that "premature appeals do not limit the court's power to tie up loose ends and enter judgment"); *INTL*, 950 F.3d at 502 (holding that a premature notice of appeal does not divest the district court of jurisdiction to enter final judgment, so that a pending appeal may go forward).

### III. Alternatively, if this Court finds that the June 10, 2025 memorandum opinion and order was the final disposition, the present motion is moot.

26. If and only if this Court determines that the June 10, 2025 memorandum opinion and order was the final disposition—it is not, for the reasons explained above—then the present motion is moot. This is true for two reasons.

27. First, judgment on the June 10, 2025 memorandum opinion and order was deemed entered on November 7, 2025. FED. R. CIV. P. 58(c)(2)(B) (stating that when a separate document is required, judgment is deemed entered 150 days after entry of the order in the civil docket); *see also* FED. R. APP. P. 4(a)(7)(A)(ii) (same). This means that, at this point, a separate judgment would be a nullity. FED. R. CIV. P. 58(c)(2) (stating that judgment is deemed entered at the *earlier* of 150 days after entry of the order in the civil docket or when judgment is set out in a separate document); *see also* FED. R. APP. P. 4(a)(7)(A)(ii) (same).

28. Second, given that Mount Vernon's notice of appeal was filed within 30 days after judgment was deemed entered, the notice of appeal is not premature and divests this Court of jurisdiction. (ECF No. 158) *Grunt*, 140 F.4th at 847 (holding that a proper appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal).

29. For these reasons, solely in the event this Court finds that the June 10, 2025 memorandum opinion and order was the final disposition, this motion should be denied as moot.

8

**CONCLUSION**

Wherefore, Mount Vernon respectfully requests that this Court: (a) grant this motion and enter a separate judgment, if this Court finds that either the October 16, 2025 minute entry (ECF No. 155) or November 5, 2025 minute entry (ECF No. 156) was the final disposition; (b) alternatively, deny this motion as moot, if and only if this Court finds that the June 10, 2025 memorandum opinion and order (ECF No. 153) was the final disposition; and (c) grant such further and additional relief as this Court deems just.

Dated: November 17, 2025
/s/ *Agelo L. Reppas*
Agelo L. Reppas
Colleen P. Sorensen
BATESCAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, Illinois 60606
312.762.3100
areppas@batescarey.com
csorensen@batescarey.com

Larry D. Mason
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
312.572.8401
lmason@goldbergsegalla.com

*Attorneys for Plaintiff, Mount Vernon Fire Insurance Company*

**CERTIFICATE OF SERVICE**

I hereby certify that, on November 17, 2025, a true and correct copy of the foregoing was served upon all counsel of record via the Court's CM/ECF system and via electronic mail to the following:

| | |
|:---:|:---:|
| Jed H. Stone | Carolyn S. Daley |
| STONE & ASSOCIATES LTD | POWER ROGERS, LLP |
| 325 Washington Street, Suite 400 | 70 West Madison Street, Suite 5500 |
| Waukegan, Illinois 60085 | Chicago, Illinois 60602 |
| 847.336.7888 | 312.236.9381 |
| jstone@jedstone.com | cdaley@prslaw.com |
| *Attorneys for Defendants, Jane Child Care Inc. and Jane Korzun* | *Attorneys for Defendants, the Fleischauers, the Herrmanns, and the Levines* |

I further certify that, on November 17, 2025, a true and correct copy of the foregoing was mailed by first-class U.S. Mail, postage prepaid, and addressed to the following:

Galyna Zaytseva
483 Blue Springs Drive
Fox Lake, Illinois 60020

Dated: November 17, 2025

/s/ *Agelo L. Reppas*
Agelo L. Reppas
Colleen P. Sorensen
BATESCAREY LLP
191 North Wacker Drive, Suite 2400
Chicago, Illinois 60606
312.762.3100
areppas@batescarey.com
csorensen@batescarey.com

Larry D. Mason
GOLDBERG SEGALLA LLP
222 West Adams Street, Suite 2250
Chicago, Illinois 60606
312.572.8401
lmason@goldbergsegalla.com

*Attorneys for Plaintiff, Mount Vernon Fire Insurance Company*